IT IS SO ORDERED.

Dated: 11 February, 2026 01:38 PM

Suzana Krstevski Koch
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THOMAS R. BERKLEY, | ) | Case No. 24-12845 |
| | ) | |
|     Debtor. | ) | |
| | ) | Judge Suzana Krstevski Koch |
| | ) | |
| LAUREN PARNOFIELLO, | ) | |
| | ) | |
|     Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 24-01073 |
| v. | ) | |
| | ) | |
| THOMAS R. BERKLEY, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This cause is before the Court on Defendant Thomas R. Berkley's ("Berkley") unopposed Motion in Limine and Discovery Sanctions ("Motion in Limine"), pursuant to Federal Rule of Civil Procedure 37(d). ECF No. 65. For the reasons stated below, Berkley's Motion in Limine is granted.

# BACKGROUND

On July 17, 2024, Berkley filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. ECF No. 1 in Case No. 24-12845. On Schedule E/F: Creditors Who Have Unsecured Claims, Berkley lists Lauren Parnofiello ("Parnofiello") for "[n]otice purposes only" because the debt owed to Parnofiello is related to "debtor's former business – Berkley Marketing, Inc." *Id*.

On October 18, 2024, Parnofiello, then represented by counsel, filed a Complaint alleging Berkley Marketing Inc.'s debt owed to her should be excepted from Berkley's Chapter 7 discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). ECF No. 1 at ¶ 5.

On December 18, 2024, Berkley filed a Rule 12(b)(6) Motion to Dismiss or for More Definite Statement (the "Motion to Dismiss"). ECF No. 5. Parnofiello filed a Response (ECF No. 7), to which Berkley filed a Reply (ECF No. 8). On February 11, 2025, the Court held a hearing on the Motion to Dismiss and responsive pleadings. The Court denied Berkley's Motion to Dismiss on February 14, 2025. ECF No. 12. In so doing, the Court explained that Parnofiello did not adequately plead false pretenses or fraud under Section 523(a)(2)(A), but granted her leave to amend her Complaint as to both her Section 523(a)(2)(A) and (a)(4) claims.

On March 14, 2025, Parnofiello filed an Amended Complaint. ECF No. 14. Berkley filed his Answer on April 16, 2025. ECF No. 18.[1] On June 4, 2025, Parnofiello's Counsel filed a Motion to Withdraw as Attorney. ECF No. 29.[2] On July 16, 2025, the Court granted

---

[1] On May 30, 2025, Parnofiello filed a Motion for Leave to File an amended complaint (ECF No. 25) – that motion rendered two deficiencies from the Clerk's office. On June 9, 2025, Parnofiello filed an Amended Motion for Leave to file an amended complaint. ECF No. 33. The Amended Motion for Leave was denied as not properly before the Court. Parnofiello then filed a Motion to Withdraw her Amended Motion for Leave to file an amended complaint. ECF No. 45.

[2] On June 9, 2025, Parnofiello's Counsel filed an Amended Motion to Withdraw as Counsel. ECF No. 34. The Amended Motion to Withdraw was denied as not properly before the Court. Parnofiello's Counsel amended his Motion to Withdraw two more times (ECF Nos. 39, 41).

2

Parnofiello's Motion to Withdraw. ECF No. 48. As of that date, Parnofiello has proceeded pro se in this matter.

On May 7, 2025, the Court issued an Initial Pretrial Order (the "Pretrial Order") (ECF No. 20) which outlined, among other things, procedures and processes related to initial disclosures, discovery, stipulations, and dispositive motions. The Pretrial Order also cautioned that "failure to comply with this Order may result in dismissal of the action, default judgment, assessment of costs and attorney's fees, and/or other sanctions the Court may deem appropriate under the circumstances pursuant to Federal Rule of Civil Procedure 37." *Id*. at ¶ 11.

On July 18, 2025, the Court issued a Trial Order (ECF No. 50), which establishes the trial date as February 26, 2026, and sets additional dates and deadlines for the parties to exchange, produce, or file: discovery, witness lists, exhibits, stipulations, and dispositive motions and other filings. The Trial Order states non-expert discovery, which includes depositions, "shall be completed no later than Friday October 17, 2025 unless the Court extends the deadline for good cause shown." *Id*. at ¶ 3.

The Trial Order advises the parties that in the event of discovery disputes, the Court will consider "Federal Rule of Civil Procedure 37" made applicable to proceedings in this Court by Federal Rule of Bankruptcy Procedure 7037. *Id*. at ¶ 6. The Trial Order further warns that "[i]f a party fails to comply with the requirements of this Order, such failure may result in dismissal, default, sanctions, or other consequences the Court deems appropriate." *Id*. at ¶ 15.

On September 24, 2025, counsel for Berkley, David Randolph Esq. ("Attorney Randolph" or "Randolph"), contacted Parnofiello via email to schedule her deposition. That correspondence, which was attached as Exhibit A to Berkley's Motion in Limine, went as follows:

*September 24, 2025*

3:29 PM: Randolph: I am reaching out to request dates and times to conduct your deposition. The dates available are as follows:
October 7, 2025 at 9:00am
October 9, 2025 at 9:00am
October 10, 2025 at 9:00am
October 13, 2025 at 9:00am

Please let me know which date works best for you. Please let me know if you have any questions.

3:32 PM: Parnofiello: Im [sic] not available that week at all

3:36 PM: Randolph: The only other available dates are October 2 at 10:00am or October 3 at 9:00 am.

3:39 PM: Parnofiello: Im [sic] not available. When is Ryan Shapiro available to be deposed?

3:50 PM: Randolph: Please provide me with dates you are available before October 17, 2025. If we are unable to jointly pick a date, I will have no other options [sic] but to file a notice of deposition with a date that I choose.

I do not represent Mr. Shapiro, nor is he a party to this case, so I am not the appropriate person to schedule his deposition. . . .

*September 25, 2025*

7:01 AM: Parnofiello: Identify which employee(s) handled my "contract" /receipt of funds and advise what dates they are available for depositions.

10:50 AM: Randolph: Please find attached the notice of deposition for October 10, 2025, at 9:00 am that is being filed with the Court today, September 25, 2025. The deposition will be conducted via zoom and will begin promptly at 9:00am. Please see Zoom meeting invitation below. . . .

11:40 AM: Parnofiello: As previously discussed I am not available until after 10/27.

> 11:54 AM: Randolph: Unfortunately, I asked you multiple times for dates to conduct your deposition. You continuously gave me non-responsive answers. Our discovery deadline is October 17, 2025 – so your availability starting October 27, 2025 does not work.
>
> I am more than willing to work to try and find a date before October 17, 2025, that also works with your schedule. Otherwise, the deposition will go forward on October 10, 2025, as currently scheduled.

ECF No. 65, Ex. A.

On September 25, 2025, as referenced in the above correspondence, Berkley filed a Notice of Deposition which notified Parnofiello that her deposition was scheduled for October 10, 2025 at 9:00 a.m. and that it would occur remotely via a Zoom Meeting Room. ECF No. 56. Parnofiello did not file any pleading in response to the Notice of Deposition.

On December 5, 2025, Berkley filed a Motion for Summary Judgment. ECF No. 57. Parnofiello did not file any responsive pleadings.

On February 3, 2026, Berkley filed a Motion in Limine to exclude certain evidence and testimony, and for further sanctions against Parnofiello because she did not appear for her scheduled deposition. ECF No. 65. Parnofiello did not file any responsive pleadings.

## JURISDICTION

The Court has jurisdiction over Berkley's underlying Chapter 7 case and this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order 2012-07 of the United States District Court for the Northern District of Ohio. Actions to determine dischargeability are core proceedings that this Court may hear and determine under 28 U.S.C. § 157(b)(2)(I). Venue in this Court is proper under 28 U.S.C. § 1409.

The following constitutes the Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this contested matter by

Rule 9014 of the Federal Rules of Bankruptcy Procedure. *See e.g.*, *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 710 (6th Cir. 1999).

## DISCUSSION

I. **FEDERAL RULE OF CIVIL PROCEDURE 37**

Federal Rule of Civil Procedure 37(d)(1)(A), applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7037, provides that the Court "where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed R. Civ. P. 37(d)(3). Those sanctions include "dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Before imposing such a sanction, the Court must consider these factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct.

*Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citation omitted) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

1. **Willfulness, Bad Faith, or Fault**

For the first factor to weigh in favor of Berkley's Motion in Limine, he must show that Parnofiello "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Failure to cooperate with discovery or to appear for a deposition can satisfy this factor. *See e.g.*, *Bass v. Jostens, Inc.*, 71 F.3d 237, 241-42 (6th Cir. 1995) (rejecting the plaintiff's argument that

her failure to comply with discovery orders, including one to attend her deposition, arose from her inability to do so due to "circumstances beyond her control" and finding that her noncompliance was willful); *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956-57 (6th Cir. 2003) (affirming a finding of willfulness and bad faith where the plaintiff failed to appear for his noticed deposition, declined to coordinate with defense counsel for a new deposition date, and did not appear at his court-ordered deposition).

Attorney Randolph, via email correspondence, offered Parnofiello four dates from which to choose to schedule her deposition. Parnofiello responded that she was "not available that week at all." ECF No. 56, Ex. A. Parnofiello did not provide any information as to dates she might have been available, so Attorney Randolph offered her two additional dates. Parnofiello replied that she was "not available." *Id.*, Ex. A. Parnofiello then shifted the conversation, inquiring about the deposition of a non-party individual. In response, Attorney Randolph asked Parnofiello to "provide [him] with dates" in which she was available for her deposition that complied with the October 17, 2025 discovery deadline. *Id.*, Ex. A. Attorney Randolph also notified Parnofiello that if they could not agree upon a date that he would "file a notice of deposition with a date [of his choosing]." *Id.*, Ex. A. Parnofiello responded but did not address Attorney Randolph's request to provide dates in which she was available for deposition.

On September 25, 2025, Attorney Randolph chose October 10, 2025 as the deposition date. He notified Parnofiello via email, attaching the Notice of Deposition to his email message. Parnofiello responded: "As previously discussed I am not available until after 10/27." *Id.*, Ex. A. Attorney Randolph maintained that the deposition would continue on as scheduled and advised Parnofiello that he was "more than willing to work to try and find a date before October 17, 2025, that also works with [her] schedule." *Id.*, at Ex. A. No further correspondence was

7

provided to the Court. The deposition was held on October 10, 2025, as scheduled. Attorney Randolph appeared at the Zoom meeting; Parnofiello did not.[3]

Parnofiello's failure to cooperate with Attorney Randolph (despite his repeated requests) to establish a deposition date, failure to appear at her deposition, failure to respond to Berkley's Motion in Limine, and failure to provide any other evidence precludes her from meeting her "burden of showing that [her] failure to [appear for her deposition] was due to inability, not willfulness or bad faith," *Reyes*, 307 F.3d at 458. This factor weighs against Parnofiello.

### 2. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

As the plaintiff in this matter, Parnofiello's testimony is fundamental to the parties' arguments for their respective positions. Parnofiello's failure to cooperate with Attorney Randolph and failure to appear at the scheduled deposition prejudiced Berkley because it prevented him from gathering testimonial evidence through Parnofiello's deposition and condensed his schedule in preparation for trial.

Parnofiello's failure to attend her deposition obligated Berkley to spend unnecessary time and effort filing an additional motion (the Motion in Limine) with the Court. Berkley's Motion in Limine states the costs and fees "associated with the attempted deposition and drafting of this motion [are] in the amount of $5,123.05." The Court finds that Berkley was prejudiced by

---

[3] Berkley attached the transcript from the October 10, 2025 deposition to his Motion in Limine. There, Attorney Randolph stated that Parnofiello further responded to the email notifying her of the deposition date, that "she had a trial in local court beginning in October. Those are also at nine a.m. 'You never called me until an email yesterday.'" ECF No. 56, Ex. A, 7:16-18.

Parnofiello's failure to cooperate and failure to appear at her deposition. This factor weighs against Parnofiello.

3. Prior Warning

The Court provided Parnofiello with express warning that dismissal may result if she failed to comply with court orders. As early as May 7, 2025, the Pretrial Order cautioned the parties that Civil Rule 37 (Bankruptcy Rule 7073) applied to discovery disputes in this adversary proceeding and "failure to comply" with the Pretrial Order "may result in dismissal of the action. . . ." ECF No. 20, ¶ 11. Those warnings were repeated in the Court's Trial Order, signed on July 18, 2025. ECF No. 50. The Trial Order established the discovery cutoff date as October 17, 2025. *Id.*, ¶ 3. The Trial Order reminds the parties that "Federal Rule of Civil Procedure 37" applies to discovery disputes. *Id.*, ¶ 6. Moreover, the Trial Order, in no uncertain terms warns that "[i]f a party fails to comply with the requirements of this Order, such failure may result in dismissal . . . ." *Id.*, ¶ 15. Parnofiello was expressly warned that failure to comply with the terms of the Pretrial Order and Trial Order could lead to dismissal.

This factor weighs against Parnofiello. *See, e.g.*, *Hills v. Roble*, No. 23-1395, 2024 U.S. App. LEXIS 6296, at *6 (6th Cir. Mar. 15, 2024) (finding that "the district court correctly held that [the plaintiff] had been appropriately warned" when the "magistrate judge ordered him to appear [for his deposition] and warned him in bold print that 'if he fails to appear or otherwise violates the discovery rules, his case may be dismissed under Rule 37 or the Court's inherent authority.'") (cleaned up); *see also Mager*, 924 F.3d at 840 (providing that "lack of a prior warning would not prevent dismissal of the complaint as a first sanction" because the plaintiff "deliberately disobeyed" a district court order).

4. Lesser Sanctions

"[A] district court is required only to 'consider' the imposition of lesser sanctions." *Moore v. Erickson*, No. 22-2134, 2023 U.S. App. LEXIS 26639, at *9 (6th Cir. Oct. 5, 2023) (quoting *Mager*, 924 F. 3d at 837). The Sixth Circuit "has never held that a district court is without power to dismiss a complaint, as the first and only sanction," and is "loathe to require the district court to incant a litany of the available lesser sanctions." *Shafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 738 (6th Cir. 2008). Determining whether dismissal is the appropriate sanction is a matter within the discretion of the Court. *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795 (6th Cir. 2002).

Given the procedural posture of this case and with the trial scheduled for February 26, 2026, the Court has considered lesser sanctions and finds that dismissal, although harsh, is the appropriate sanction. The Court finds that additional sanctions are not appropriate, so Berkley's request for payment of his attorney fees is denied.

## CONCLUSION

For the reasons stated above, Berkley's Motion in Limine is granted. The case is dismissed pursuant to Civil Rule 37(d)(1)(A)(i), (d)(3) and (b)(2)(A)(v). A separate order will enter.

**IT IS SO ORDERED.**